# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re:  Polina Agova | ) | 22 B 13914 |
| | ) | |
| Debtor(s) | ) | **Judge Deborah L. Thorne** |
| | ) | |

## TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR ENTRY OF DISCHARGE

Now comes Marilyn O. Marshall, Chapter 13 Trustee, in Response to Debtor's Motion for Discharge, states as follows:

The debtor is requesting via Motion that this Court enter a Chapter 13 Discharge in a case where the Trustee has not yet filed a Notice of Completion of Plan Payments. Under the particular set of facts in this case, there has not been an undue delay in the administration of the case. Granting the Motion would treat this debtor's case differently than all the other cases in this District. This Motion must, therefore, be denied.

**The Pre-Confirmation Procedural History of this Case**

Polina Agova filed for Chapter 13 bankruptcy relief on December 1, 2022. On that same date, the debtor filed her original Chapter 13 Plan (Docket 3). This plan provided for the debtor to make plan payments of $915.00 for 54 months and to pay Pacific Trust Deed Services mortgage arrears of $28,000.00 for property located at 10130 Caves Hwy in Caves Junction, Oregon ("the Property"). On December 12, 2022, the debtor filed an amended Chapter 13 Plan (Docket 23). That amended Plan called for the debtor to make plan payment of $3,500.00 for 59 months and one lump sum payment of $130,000.00. The plan provided payments to Pacific

1

Trust Deed Services in the amount of $250,000.00 at 4.5% interest and payments to the Josephine County Tax Office in the amount of $7,045.91. Section 8.1 of the December 12th Plan stated, "The Debtor is to sell or refinance the property to satisfy the mortgage in full by month 60." (Docket 23, p 5).

On January 18, 2023, Anita Shaw-Bastian and Thomas Bastian presented a Motion for Relief from Stay. In that Motion, the creditors alleged that the Bastians held a security interest in the property located at 10130 Caves Hwy. The Motion also alleged that the balance of the mortgage was due in the amount of $233,718.18, along with other fees and costs. The Bastians filed a claim against the debtor in the amount of $254,321.65 on February 11, 2023. (Claim number 8). The Motion objected to the provision in the Plan to sell or refinance the Property. This Motion and the Confirmation hearing on the debtor's Plan was continued March 8, 2023. On March 1, 2023, the debtor filed a second Amended Plan (Docket 49). This Plan provided for the debtor to make plan payments of $3,500.00 for 4 months, $4,900.00 for 14 months and $6,100.00 for 42 months, for total payments of $338,800.00. The Plan provided that Thomas Bastian and Anita Shaw Bastian would receive $254,321.65 at 6.0% interest and the Josephine County Tax Office would receive $7,324.36. The lump sum provision was eliminated. (Docket 49). The Bastians filed an Objection to the confirmation of the Plan. (Docket 51) and the confirmation hearing, the objection and the Motion for Relief were continued to May 4, 2023, and then again to May 17, 2023.

While the confirmation hearing was pending the debtor made three payments in the amount of $3,500.00, one payment of $4,900.00 and one payment of $2,450.00 for total funds of $17,850.00.

On May 17, 2023, the debtor presented a Motion to Sell the Property, alleging that she had obtained a buyer for the Property which would provide funds to pay the Bastians' claim in full at sale. This motion was granted on May 17, 2023. (Docket 77). The hearing on confirmation of the Debtor's Plan was continued to May 31, 2023, then again to June 18, 2023, and again to July 26, 2023.

On July 11, 2023, the Bastians withdrew their objection, the Motion for Relief and claim number 8. Also on July 11, 2023, the debtor proposed another amended Plan, (Docket 91) which removed the payments relating to the Property and paid the attorney and the remaining eight unsecured creditors in full. The amended plan required that the debtor make payments of $23,800.00 to the Trustee, of which the debtor had paid $17,850.00. This amount was more than the amount of the remaining claims in the case. This Plan was confirmed on July 26, 2023 (Docket 94), after the case had pended for eight months.

**Discussion**

Section 1328(a) provides that "as soon as practicable after completion by the debtor of all payments under the plan . . . the court shall grant the debtor a discharge of all debts provided for by the plan." 11 U.S.C. § 1328(a). In the Northern District of Illinois, the Clerk of the Court enters the discharge after the Trustee files her Notice of Completion of Plan Payment and the debtor files her Domestic Support Affidavit and completes the required Debtor Education. In *Galloway*, this Court established a procedure for a debtor to file a Motion for Discharge only in cases of undue delay in the filing of a Notice of Completion of Plan Payments. *In re Galloway*, 2022 WL 1017951, *2, 18-04903 (Apr 5, 2022).

The standard of undue delay established after the completion of plan payments has not been met in this particular and unusual case. The usual progress of a chapter 13 case and plan

3

administration is that the plan is confirmed, the debtor makes payments according to that plan over a period of time that is generally three years if not five years (or more if the case was modified based on the CARES Act). During that period of years, payments are made to various classes of creditors according to the Plan or the provisions of General Order 17-02. The Trustee's office conducts a post confirmation set up and audit of the case, conducts a mid-case audit of the case after secured and priority claims are paid in full and a final audit after the case is paid in full and the unsecured creditors are paid. After that final audit and the final disbursement to creditors is made, a Notice of Completion of Plan Payments is filed by the Trustee.

This case is unusual because is it administratively occurring in a reverse order. Because the $254,321.65 claim was withdrawn having been paid from the sale of the real estate and the provision to pay the outstanding real estate taxes to Josephine County was removed from the confirmed Plan, the case was seemingly paid in full before the case was confirmed. The entirety of the administration of the case, including the order confirming the plan, occurred after the debtor's last payment was received.

The Trustee is meeting the requirement set forth in §1328(a) for completing work on the case as soon as can practicality be done. This case has not yet been confirmed for six months, which is the normal benchmark for audits to be done. This allows for the last day to file timely claims to pass and for any litigation regarding claims to be resolved, if any. This case was pending for eight months before it was confirmed. In the time since the case was confirmed, the Trustee has conducted the post confirmation set-up, the post confirmation review, the mid-case audit, and disbursed the funds to creditors. In this case, since all the funds were going out at once, the set ups and audit were especially important as there would be no opportunity to make any adjustments if there was an error.

In order for each case to be treated fairly, cases ready for closing are selected for audit by the computer software system when certain criteria for closing a case is met: the case has been confirmed for at least six months, the case has not previously been audited, the months remaining in the plan is less than two months, and the case has not been assigned to a specific auditor to audit. The Trustee needs to make sure all cases are treated the same since each case is equally as important as any other. Cases are audited generally in the chronological order that they become ready for audit to ensure there is no preference given to one debtor's case over another. If, and when, an audit issue is discovered, then the Trustee is responsible to exhaust all remedies to make sure the case has been properly administered and that all claims were paid correctly.

Under the unique circumstances of this case, there has not been an undue delay in the filing of a Notice of Completion of Plan Payments and the Motion for Discharge ahead of the normal case procedures should be denied.

                                  Respectfully submitted,

                                  Marilyn O. Marshall,
                                  Standing Trustee

                                  /s/ A. Stewart Chapman
                                  By: A. Stewart Chapman

Office of the Chapter 13 Trustee
Marilyn O. Marshall
224 South Michigan, Suite 800
Chicago, IL 60604
(312) 431-1300